IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM WEBB,

Plaintiff,

-vs-

VANTIUM CAPITAL, INC. d/b/a
STRATEGIC RECOVERY GROUP,

CASE NO.: 8:14 CV212 T17 TBM

Defendant.

_____/

## COMPLAINT

Plaintiff, WILLIAM WEBB, by and through his undersigned counsel, sues the Defendant, VANTIUM CAPITAL, INC., d/b/a STRATEGIC RECOVERY GROUP ("STRATEGIC"), and in support thereof respectfully alleges the following:

1.      Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), U.S.C § 1692 K(d), and F.S.§ 47.011.

4.      Venue is proper in this District because the Plaintiff resides in this District (Hillsborough County) and the Defendant transacts business in Hillsborough County, Florida.

1



## FACTUAL ALLEGATIONS

5.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6.      Defendant is a corporation and a citizen of the State of Delaware with its principal place of business located at 7668 Warren Parkway, Suite 325, Frisco, Texas.

7.      The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Hillsborough County, Florida.

8.      Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account for an account of a JPMorgan Chase Bank, N.A., loan number/account number ending in 980501*** in the approximate amount of $4,846.25 of which Plaintiff has no knowledge.  In addition, Plaintiff called JPMorgan Chase Bank, N.A. and verified with the bank that he owes them no monies and is current on all of his JPMorgan Chase Bank, N.A. accounts. (hereinafter the "subject account").  Defendant has also negatively reported the subject account on Plaintiff's credit report as a collection account, with a balance due of $4,846, under the same loan number/account number, and as being owed to the creditor, JPMorgan Chase Bank, N.A.

9.      Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by communicating with Plaintiff and calling (and leaving messages on) Plaintiff's cellular telephone number up to three (3) times a day from 2010 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

2

10.     Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant's calls an automated or prerecorded voice message would immediately begin to play, with pauses in the prerecorded message to insert the Plaintiff's name, and stating Plaintiff's name in another prerecorded voice (of a person of a different gender) that was different than the prerecorded voice that began and ended said message.

11.     As an example of Defendant's autodialer call messages to Plaintiff's cellular telephone number, each of Defendant's autodialer call messages lasted the same approximate length of one (1) minute and three (3) seconds, stated as follows:

> "...(Prerecoded male voice) If you are not (different artificial or prerecorded female voice) **William Webb** (prerecorded male voice) please hang up or disconnect. If you are (different artificial or prerecorded female voice) **William Webb,** (prerecorded male voice) please continue to listen to this message. There will be a three second pause in the message (3 second pause). By continuing to listen to this message, you acknowledge that you are (different artificial or prerecorded female voice) **William Webb.** (Prerecorded male voice) You should not listen to this message so that other people can hear, as it contains personal and private information. There will now be another three second pause in this message to allow you to listen to this message in private (3 second pause). This is (pause) SRG. This communication is from a debt collector. This is an attempt to collect a debt, and any information will be used for that purpose. Please contact us about an important business matter at 877-457-0019 during the hours of seven a.m. until nine p.m. central standard time Monday through Friday, and seven a.m. until twelve p.m. central standard time on Saturdays.*

12.     The artificial or prerecorded voices in the example message set forth in the preceding paragraph did not identify the person by name.  In some other messages, a same or similar

message was left by a person named "Jasmine," who identified herself in the message as a representative of Defendant.

13.   Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

14.   In approximately December, 2010, Plaintiff began receiving said autodialer calls from Defendant on his cellular telephone number, (813) 835-7486, concerning the subject debt of which Plaintiff had no knowledge.

15.   Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813) 835-7486, and was the called party and recipient of Defendant's autodialer calls.

16.   The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 888-787-0013. The telephone number 888-787-0013 is a telephone number of Defendant. Each autodialer call message from Defendant asked for Plaintiff by name, and also asked that Plaintiff call back Defendant at the telephone number 888-787-0013.

17.   After receiving several of these autodialer calls from Defendant in December, 2010, and after verifying with JPMorgan Chase that Plaintiff owed them no monies, Plaintiff spoke with a representative of Defendant in January, 2011 and told Defendant's representative that he did not owe JPMorgan Chase Bank any monies, that Defendant could verify same with JPMorgan Chase, to stop calling him, and to be taken off the Defendant's call list.

18.   Despite informing Defendant that he did not owe the debt Defendant was attempting to collect and to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

19.   Plaintiff attempted to have the Defendant's autodialer calls to Plaintiff's cellular phone stopped each time he spoke with a representative of Defendant's from January, 2011 through the

4

filing of this complaint by repeatedly telling each of Defendant's callers to please stop calling him about the subject account as he did not owe Chase anything and to remove his number from their dialing system. Despite repeatedly telling Defendant's representative to stop calling his cellular telephone, the calls to Plaintiff, approximately 200 calls upon information and belief, continued Beyond January, 2011 and into January, 2014.

20.     The autodialer calls from Defendant continued approximately, on average, two (2) to three (3) times a day from December, 2010, until approximately January, 2014. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

21.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

22.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond January, 2011, when Plaintiff first advised Defendant that he did not owe any debt to JPMorgan Chase, to stop calling Plaintiff's cellular telephone number, and to remove Plaintiff's number from Defendant's call list.

23.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they do not owe a debt to Defendant and advising Defendant to stop calling.

24.    Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

25.    Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

26.    Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

27.    Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.  Moreover, Plaintiff revoked any alleged prior express consent in January, 2011, and repeatedly thereafter, during numerous telephone conversations with Defendant's representatives.

28.    Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

29.    Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30.    None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

6

31. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in January, 2011, that he did not owe the subject debt, and to stop calling Plaintiff, and to remove his telephone number from Defendant's call list.

32. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Fair Debt Collection Practices Act "FDCPA")

33. Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above as if fully stated herein:

34. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

    (a) The Defendant violatd 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

    (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

(c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

35.     Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above as if fully stated herein:

36.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

37.     Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

38.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

39.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

40.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not

legitimate as to Plaintiff, and/or asserting the existence of a right known not to exist, to wit: by continuing to call Plaintiff after being told repeatedly by Plaintiff to stop calling.

41.   Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff